IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-WY-1927 CB (MJW)

ENCAPSULATION TECHNOLOGY, LLC,
a California limited liability company,

    Plaintiff,

v.

INSTACOTE, INC., an Ohio corporation;
THOMAS NACHTMAN;
CHARLES SMITH;
PMTECH, INC., a Colorado corporation;
RICHARD S. HOGUE;
ALPHA GROUP & ASSOCIATES, L.L.C., a
Colorado limited liability company; and
ROCK NEVEAU,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER REGARDING DEFENDANT PMTECH'S ADVICE OF OFFICE ACTION IN *EX PARTE* REEXAMINATION

---

This matter is before the Court upon Defendant PMTech, Inc.'s ("PMTech") Advice of Office Action in *Ex Parte* Reexamination and upon Alpha Group & Associates, L.L.C.'s ("Alpha Group") Motion that the Court Rule on Pending Summary Judgment Motion or, Alternatively, Set Matter for Hearing. After reviewing Defendant PMTech's notice and considering Alpha Group's response to the notice and request to rule on summary judgment, having reviewed the materials on file, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

1. On June 22, 2004, Magistrate Judge Michael J. Watanabe stayed all proceedings in this case pending further Order of Court. On October 12, 2004, Magistrate Judge Watanabe held a telephone status conference regarding the decision of the United States Patent and Trademark Office ("PTO") regarding

reexamination of U.S. Patent No. 5,878,355 ("the '355 Patent"). The PTO agreed to reexamine the patent. The purpose of the stay pending the review of the patent is to prevent unnecessary expenses which may be completely avoided if the patent office determines that the '355 Patent is invalid.

2. Defendant Alpha Group contends that it is not a proper party to this action. Defendant Alpha Group argues that it has been and continues to be unduly prejudiced by staying the proceedings because it is a small business which is suffering economic harm since it is required to maintain this lawsuit on its books pending the outcome of the '355 Patent reexamination.

3. This Court has consistently attempted to balance Defendant Alpha Group's financial difficulties with the purpose of the stay, limiting discovery and litigation expenses, and fairness to the other parties. Unfortunately, this has resulted in numerous filings and hearings. The stay was lifted with respect to Defendant Alpha Group on October 18, 2004. However, concerns regarding discovery expenses and prejudice to the other defendants led this Court to reimpose the stay on November 26, 2004. Defendant Alpha Group then asked this Court for reconsideration of the matter. On January 6, 2005, after oral argument, the Court determined that the issue was not ripe for reconsideration. However, the Court allowed Defendant Alpha Group to gather more support for its assertions regarding potential financial difficulties. Defendant Alpha Group then filed another motion requesting the Court to lift the stay. On May 9, 2005, again after hearing oral argument, the Court agreed to allow Defendant Alpha Group's Motion for Summary Judgment to proceed after a very limited discovery period. The Court based this determination on Defendant Alpha Group's repeated assertions that the pending litigation was limiting Defendant Alpha Group's ability to obtain investors due to the uncertain outcome of pending litigation, which must be disclosed to potential investors.

4. On May 31, 2005, the PTO issued an initial determination that the '355 Patent should be invalidated in its entirety. See Defendant PMTech's Advice of Office Action in *Ex Parte* Reexamination,

Ex. A. The PTO rejected all of Plaintiff's claims, and allowed Plaintiff two months to respond to its action. Id.

5. Defendant Alpha Group asserts that this Court should rule on its motion for summary judgment despite the finding that the PTO rejected all of Plaintiff's claims. Defendant Alpha Group argues that this case is far from over, as Plaintiff may respond to the PTO's action, the PTO must consider a response prior to finalizing a decision, and, upon issuing a final decision, Plaintiff may appeal that decision to the Board of Patent Appeals and Interferences, and may ultimately appeal to the Court of Appeals for the Federal Circuit.

6. Such is the nature of law suits. This Court is well aware that rulings by this Court often result in an appeal to the Tenth Circuit, which may be followed by an appeal to the United States Supreme Court. For this reason, cases are often "pending" for many years.

7. As noted above, the primary reason for allowing Defendant Alpha Group to proceed with summary judgment, despite maintaining the stay as to the other defendants, was that Defendant Alpha Group asserted that its existence was threatened due to the pending litigation. We find that this is no longer the case. Defendant Alpha Group now has the PTO's preliminary determination that the '355 Patent should be invalidated. This document should satisfy any potential investors concerned about pending litigation. It is unlikely that a serious prospect will refuse to invest based solely upon this pending litigation in the face of the PTO's initial determination. Furthermore, Defendant Alpha Group has cited unplanned legal expenses as part of the reason it is currently having financial difficulties. This Court notes that the reason behind granting the initial stay, to which Defendant Alpha Group was the sole objector, was to prevent excessive legal costs while the '355 Patent was under review. Nonetheless, Defendant Alpha Group filed numerous documents with this Court, including a motion for summary judgment filed eight days after the stay was imposed. Naturally, this has greatly increased the cost of this litigation for all

3

parties involved. If the Court were to determine the issue of summary judgment, we would require a hearing, which again, would increase litigation expenses. While this cost is minimal compared to the costs expended thus far, it is an additional expense.

8. Due to the PTO's initial determination, this Court **FINDS** that a ruling or hearing on summary judgment is not appropriate at this time. Defendant Alpha Group now has sufficient documentation to allay potential investors' fears regarding pending litigation. The PTO's initial determination that the patent at issue should be invalidated should surely satisfy investors as much as a ruling from this Court, which may also be appealed, and is thus subject to a degree of uncertainty. For this reason, the circumstances justifying summary judgment to proceed with respect to only one defendant no longer exist. There is no doubt that all defendants would like to be relieved of this litigation and, as discussed in prior rulings, the Court is cognizant of potential unfairness to the other parties, as well as additional incurred expenses. Balancing these concerns with recent developments, the Court believes a hearing on summary judgment is not necessary at this time. Thus, Defendant Alpha Group's Motion that the Court Rule on Pending Summary Judgment Motion or, Alternatively, Set Matter for Hearing is **DENIED**.

Dated this 14th day of July, 2005.

_____
CLARENCE A. BRIMMER
UNITED STATES DISTRICT COURT JUDGE